

**FILED**
**Jul 07, 2020**
**01:41 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Antonio Lane, Sr. | ) Docket No.     2018-08-1503 |
| | ) |
| v. | ) State File No.  45081-2017 |
| | ) |
| Securemedy, Inc., et al | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Vacated and Remanded

---

Following a court-approved settlement of the employee's claim for workers' compensation benefits, the employee sought additional medical treatment for lumbar complaints that he contended should be provided as a result of the settlement agreement. The employer declined to authorize the treatment, and the employee filed a petition for benefits seeking additional medical care. Following a hearing, the trial court concluded that the parties' settlement agreement did not exclude future medical care for any of the employee's work injuries and ordered the employer to provide future medical treatment for the employee's low back complaints. The employer has appealed. Tennessee Code Annotated section 50-6-240(d) mandates that settlement agreements "compromising and settling the issue of future medical benefits" include a provision confirming that the employee has been informed of the potential consequences of the settlement, if any, with respect to Medicare and TennCare benefits and liabilities. Here, the parties' settlement agreement did not include such a provision, and neither the parties nor the trial court addressed the applicability of section 50-6-240(d) to the parties' settlement agreement. Without addressing the merits of the issues raised by the employer, we vacate the trial court's order and remand the case for the trial court's consideration of the applicability of section 50-6-240(d) to the parties' settlement agreement and the impact on this case, if any, of the absence of the statutory language from that agreement.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Charlie Patrick, Memphis, Tennessee, for the employer-appellant, Securemedy, Inc.

Antonio Lane, Sr., Memphis, Tennessee, employee-appellee, pro se

**Memorandum Opinion[1]**

Antonio Lane, Sr. ("Employee"), was involved in a motor vehicle accident and suffered injuries to his neck and low back on May 28, 2017, while in the course of his employment as a security guard with Securemedy, Inc. ("Employer"). Employer accepted the claim as compensable and authorized medical treatment with Dr. Samuel Murrell, who diagnosed Employee with a low back strain and a disc herniation at the C3-4 level of the cervical spine. On May 23, 2018, Dr. Murrell opined that Employee had reached maximum medical improvement for his injury and assigned a permanent medical impairment rating of 6%. The parties entered into a settlement agreement that was approved by the trial court on December 20, 2018. Thereafter, Employee requested medical treatment for his lumbar spine, which was denied by Employer based upon certain language in the settlement agreement that it contended limited Employee's future medical benefits to treatment related to Employee's cervical spine.[2]

Employee filed a petition for benefits requesting medical care for his lumbar spine. Following an unsuccessful mediation, Employee filed a request for an expedited hearing. The trial court determined that an expedited hearing would be improper and concluded that Tennessee Code Annotated section 50-6-204(g)(2)(B) (2019) governs a hearing for post-settlement medical benefits, noting that Employee "must prove all essential elements of his claim by a preponderance of the evidence."

Following the hearing, the trial court concluded that the parties' settlement agreement entitled Employee to future medical care for his lumbar spine. In reaching its conclusion, the trial court noted that the settlement agreement "did not exclude any injury from the provision of open future medical benefits." As a result, the court "default[ed] to the interpretation most consistent with the statutory intent of providing benefits to injured workers." The trial court further concluded that the settlement agreement contained no language limiting future medical benefits and no language documenting any consideration for an agreement to limit medical benefits. The court determined that the "four corners" of the settlement agreement provided future medical benefits for work injuries sustained

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Employer cites the following language from the settlement agreement in support of its position: "Employer agrees to pay for reasonable and necessary authorized future medical expenses which are directly related to the subject injury, specifically Employee's only permanent diagnosis of small disc herniation at the C3-4 level of the cervical spine pursuant to Tenn. Code Ann. § 50-6-204." There was no language in the settlement agreement expressly limiting or terminating Employee's right to future medical treatment for the compensable lumbar spine condition.

by Employee, although Employee must still "prove that the treatment he seeks is causally-related to the accident." Employer has appealed.

In its brief, Employer asserts the trial court erred in ordering it to provide medical care for Employee's lumbar spine complaints "based on an ambiguity in the parties' settlement agreement." Further, Employer asserts that "[n]otwithstanding this challenge to the trial court's ruling, the trial court also erred in ordering [Employer] to provide medical care for [Employee's] current lumbar spine complaints" because Employee failed to prove that his "current need for treatment is causally related to the work-related injury." Finally, Employer asserts that the trial court erred by failing to address its *res judicata* defense.

While we do not address the merits of Employer's issues in this opinion, we note that Employer's first issue assumes that the trial court found the language in the parties' settlement agreement concerning future medical care to be ambiguous. However, neither the parties nor the trial court addressed the applicability of Tennessee Code Annotated section 50-6-240(d) to the parties' settlement agreement, which provides, in part, as follows:

> Nothing in this section shall be construed to prohibit the parties from compromising and settling the issue of future medical benefits at any time; provided, that the settlement agreement is approved by a judge of the court of workers' compensation claims, and *includes a provision confirming that the employee has been informed of the potential consequences of the settlement, if any, with respect to [M]edicare and TennCare benefits and liabilities*.

Tenn. Code Ann. § 50-6-240(d) (2019) (emphasis added).

Here, the parties' settlement agreement did not include a provision "confirming that the employee [was] informed of the potential consequences of the settlement, if any, with respect to [M]edicare and TennCare benefits and liabilities" as provided in section 50-6-240(d). Citing section 50-6-240, the trial court noted that "the issue of future medical treatment may be resolved by agreement," but the court did not address the absence of a provision "confirming that the [E]mployee [was] informed of the potential consequences of the settlement, if any," as contemplated in section 50-6-240(d). Consequently, we are compelled to vacate the trial court's order and remand the case. The trial court's order compelling Employer to provide future medical treatment for Employee's low back complaints is vacated, and the case is remanded for the trial court's consideration of the applicability of section 50-6-240(d) to the parties' settlement agreement and the impact on this case, if any, of the absence of the statutory language from that agreement. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Antonio Lane, Sr. | ) | Docket No. 2018-08-1503 |
| | ) | |
| v. | ) | State File No. 45081-2017 |
| | ) | |
| Securemedy, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of July, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Antonio Lane, Sr. | | | | X | ablanesr@gmail.com |
| Charles R. Patrick Yonishka Voorhees | | | | X | charlie.patrick@leitnerfirm.com yonishka.voorhees@letinerfirm.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov